■ Jose Faur, Appellant, v Jewish Theological Seminary of America, Respondent.—In an action, *inter alia,* to recover for the alleged breach of an employment contract, the plaintiff

appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated July 20, 1987, as granted the defendant's motion for summary judgment and thereupon dismissed his complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was a tenured professor in rabbinics at the Jewish Theological Seminary of America (hereinafter the Seminary). In September 1984, the Seminary changed its admission policies, pursuant to its bylaws, after a vote by a quorum of the faculty assembly, to commence admitting women into its program for the ordination of rabbis. Finding this new policy unconscionable to his personal religious beliefs, the plaintiff took a leave of absence, and ultimately resigned.

Claiming that this change in the Seminary's policy constituted religious discrimination against him and a breach of his employment contract with the Seminary, the plaintiff commenced this action to recover monetary damages. The defendant Seminary successfully moved for summary judgment dismissing the complaint.

We find that the plaintiff failed to state a claim for breach of his tenured employment agreement and has not proven the existence of any contractual duty on the part of the defendant to refrain from changing its admission policies or from doing anything which might offend the plaintiff's religious beliefs *(see, Gertler v Goodgold,* 107 AD2d 481, *affd* 66 NY2d 946).

With respect to the plaintiff's claims of religious discrimination he has failed to demonstrate that the Seminary, by choosing to admit female rabbinical candidates, discriminated against him on the basis of his religious convictions *(see,* Executive Law § 296 [1] [a]). To find that the Seminary's change in policy constitutes an act of religious discrimination against the plaintiff, this court would have to impermissibly interfere in religious matters and make a religious determination *(see, First Presbyt. Church v United Presbyt. Church,* 62 NY2d 110, 116-117, *rearg denied* 63 NY2d 676, *cert denied* 469 US 1037), in violation of the First and Fourteenth Amendments of the US Constitution.

Accordingly we find that the complaint was properly dismissed. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.